UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JACQUELYN FLYNN, *derivatively on behalf of* *Miller Energy Resources, Inc.*, <br>    Plaintiff, <br><br>V. <br><br>MILLER ENERGY RESOURCES, *et al.*, <br>    Defendants. | No. 3:11-CV-412 <br> (VARLAN/SHIRLEY) |

| | |
|---|---|
| PATRICK LUKAS, *derivatively on behalf of* *Miller Energy Resources, Inc.*, <br>    Plaintiff, <br><br>V. <br><br>MERRILL A. PEAK, *et al.*, <br>    Defendants. | No. 3:11-CV-422 <br> (VARLAN/SHIRLEY) |

## MEMORANDUM AND ORDER

These cases come before the undersigned to address two competing motions for consolidation and appointment of counsel that have been referred to the undersigned for disposition. On September 19, 2011, Plaintiff Jacquelyn Flynn filed her Motion to Consolidate Related Actions and for the Appointment of Lead and Liaison Counsel. On November 8, 2011, Plaintiff Patrick Lukas filed his Motion for Consolidation and Appointment of Lead Counsel and Liaison Counsel and in Opposition to Plaintiff Jaquelyn Flynn's Motion for Consolidation and Appointment of Lead Counsel. The parties appeared before the undersigned for oral arguments on April 12, 2012.

The Court finds that the competing motions for consolidation and appointment of counsel are ripe for adjudication. For the reasons stated herein, Plaintiff Jacquelyn Flynn's Motion to

Consolidate Related Actions and for the Appointment of Lead and Liaison Counsel will be **DENIED**, and Plaintiff Patrick Lukas's Motion for Consolidation and Appointment of Lead Counsel and Liaison Counsel and in Opposition to Plaintiff Jaquelyn Flynn's Motion for Consolidation and Appointment of Lead Counsel will be **GRANTED**.

**I.     BACKGROUND**

Miller Energy Resources, Inc., ("Miller Energy"), is a company based in Tennessee and engaged in exploration of and production from natural resources. Both proposed plaintiffs allege that Miller Energy's board of directors and various executive officers breached their fiduciary duties. Both of the plaintiffs before the Court propose to undertake the instant litigation derivatively on behalf of Miller Energy.

All parties appeared before the Court for a telephonic status conference on November 21, 2011. At that time, all parties agreed that these derivative actions should be consolidated. The plaintiffs, however, disputed which plaintiff should be designated as the lead plaintiff and what attorneys should be designated as lead counsel and liaison counsel.

The parties appeared before the Court on April 12, 2012, for a hearing to address consolidation of these cases and appointment of a lead plaintiff, lead counsel, and liaison counsel. Attorneys Joseph M. Profy and Jeffrey J. Ciarlanto, of The Weiser Law Firm, P.C., and Attorney Timothy Householder, of Gilreath & Associates, were present representing Plaintiff Jacquelyn Flynn. Attorney William Scott Holleman, of Levi & Korsinsky, LLP, and Attorney James Al Holified, Jr., of Holifield & Associates, PLLC, were present representing Plaintiff Patrick P. Lukas. Attorneys Stephen A. Marcum and Anna E. Corcoran were present

representing Miller Energy, and Attorneys Lawrence Leibowitz and Jennifer Knapp Hemmelgarn were present representing Defendant Scott M. Boruff.

## II.     POSITIONS OF THE PARTIES

Plaintiff Jacquelyn Flynn argues that she should be appointed lead plaintiff in these cases. She moves the Court to appoint The Weiser Law Firm, P.C., ("Weiser Firm") as lead counsel and Gilreath & Associates ("Gilreath") as liaison counsel upon consolidation of these cases.

Plaintiff Patrick Lukas argues that he should be appointed lead plaintiff in this matter. He moves the Court to appoint Levi & Korsinsky, LLP, ("Levi & Korsinsky") as lead counsel and Holifield & Associates, PLLC, as liaison counsel upon consolidation of these cases.

Each plaintiff takes the position that they and their nominated counsel are best-equipped to litigate these cases. Neither Plaintiff Flynn nor Plaintiff Lukas has attempted to undermine the qualifications of the other proposed lead plaintiff to serve as lead plaintiff. Instead, the parties have focused their oral and written advocacy on demonstrating to the Court which attorneys are best qualified to serve as lead counsel and liaison counsel upon consolidation.

The Defendants take no position as to who should serve as lead plaintiff, lead counsel, or liaison counsel. The Defendants do not object to consolidation.

## III.    ANALYSIS

The Court will address each of the issues before it in turn.

### A.      Consolidation of Cases

If actions before a court involve a common question of law or fact, a court may:

>   (1) join for hearing or trial any or all matters at issue in the actions;

3

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  Pursuant to Rule 42, the Court has broad discretionary authority to consolidate cases especially where consolidation will prevent wasteful duplication of time, effort, and expense.  Horn v. Raines, 227 F.R.D. 1 (D.D.C. 2005).  Consolidation is appropriate where the costs of defending multiple actions may do serious harm to the corporation on whose behalf the litigation is brought.  Id. at 2 (citing MacAlister v. Guterma, 263 F.2d 65, 68 (2d Cir. 1958)).

The parties in this case have agreed that these cases should be consolidated.  Further, the Court finds, pursuant to Rule 42 of the Federal Rules of Civil Procedure, that consolidation is appropriate because these cases share common factual and legal issues.  The Court further finds that consolidation will avoid unnecessary expenditure of the parties' and the Court's resources on duplicative efforts.

Accordingly, the Court will **CONSOLIDATE** these actions.

**B.     Lead Plaintiff**

Rule 23.1 of the Federal Rules of Civil Procedure directs that a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association."  In considering who may serve as lead plaintiff, the court should consider: "(1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to unique

defenses that would make appointment problematic." Horn, 227 F.R.D. at 3 (citing Millman v. Brinkley, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004)).

Neither party contests the qualifications or desirability of the opposing side's proposed plaintiff. It appears from the complaints in these cases that both proposed plaintiffs are current shareholders who have continuously held Miller stock at all relevant times. [3:11-CV-412, Doc. 1 at ¶ 16; No. 3:11-CV-422, Doc. 1 at ¶ 15]. The Court has not been cited to, nor has the Court found any unique defenses applying to, either Plaintiff Flynn or Plaintiff Lukas that would make appointment problematic. The Court further finds that each plaintiff is represented by capable counsel. Thus, the Court finds that each of the proposed lead plaintiffs is qualified to be appointed as lead plaintiff.

**C.     Lead Counsel and Liaison Counsel**

In selecting lead counsel, "[t]he principle that guides the Court's decision is which counsel will best serve the interest of the plaintiffs." Horn, 227 F.R.D. at 3 (citing Millman, 2004 WL 2284505, at *3).

The Court finds that both of the firms seeking appointment in this case have impressive resumes. The Court, however, is most impressed with Levi & Korsinsky, and the Court finds that the appointment of Levi & Korsinsky, as lead counsel, and Holified & Associates, as liaison counsel, will best serve the interest of the plaintiffs. The Court finds that Levi & Korsinsky has experience in derivative actions – specifically those addressing the rights of shareholders and the obligations of corporate fiduciaries – that will enable Levi & Korsinsky to guide this litigation, *e.g.* Toll Brothers Derivative Litigation, No. 4140-VCL (Del. Ch.). The Court is convinced that Levi & Korsinsky can, and will, commit as much person-power and financial resources as is required to represent the class properly.

5

Moreover, the Court finds that Holifield & Associates have, to this point, demonstrated the responsiveness and professionalism that is essential in liaison counsel, and the Court finds that the interests of the plaintiffs in these suits will be best served by the appointment of the firm of Holified & Associates as liaison counsel.

The Court will, therefore, **APPOINT** Plaintiff Patrick P. Lukas as **LEAD PLAINTIFF** in these cases upon consolidation, and his choice of counsel Levi & Korsinsky will be **APPOINTED** as lead counsel in these cases upon consolidation.[1] At oral arguments in this matter, Attorney William Scott Holleman represented to the Court that he, Attorney Eduard Korsinsky, and Attorney Douglas E. Julie would be the attorneys handling this case for Levi & Korsinsky. Holifield & Associates will be **APPOINTED** as liaison counsel, and Attorney James Al Holifield will serve as the primary contact for the parties and the Court at Holifield & Associates. The Court expects that each of these attorneys will advance this litigation in a timely manner and will be responsive to the inquiries of both the Court and opposing counsel.

---

[1] Though the parties did not advocate the idea of dual leadership in any meaningful way at the hearing in this matter, the Court will specifically decline to make such an appointment. The Court echoes the sentiments of District Judge Timothy Black, of the Southern District of Ohio, "[T]he Court finds that it is essential to have one voice, and the Court, therefore, declines to appoint a slew of attorneys as co-lead counsel." Kubiak v. Barbas, 2011 WL 2443715 (S.D. Ohio June 14, 2012).

## IV. CONCLUSION

In conclusion and for the reasons stated above:

1. Plaintiff Jacquelyn Flynn's Motion to Consolidate Related Actions and for the Appointment of Lead and Liaison Counsel [No. 3:11-CV-412, Doc. 3; No. 3:11-CV-422, Doc. 20] is **DENIED**;

2. Plaintiff Patrick Lukas's Motion for Consolidation and Appointment of Lead Counsel and Liaison Counsel and in Opposition to Plaintiff Jaquelyn Flynn's Motion for Consolidation and Appointment of Lead Counsel [No. 3:11-CV-412, Doc. 18; No. 3:11-CV-422, Doc. 19] is **GRANTED**;

3. The cases captioned above are **CONSOLIDATED**, and Patrick P. Lukas v. Merrill A. McPeak, *et al.*, No. 3:11-CV-422 will serve as the **CONSOLIDATED LEAD CASE;**

4. The parties **SHALL FILE** any further documents and/or pleadings for both cases in the lead case *only*;[2]

5. Patrick P. Lukas is **APPOINTED** lead plaintiff;

6. Levi & Korinsky is **APPOINTED** lead counsel; and

7. Holified & Associates is **APPOINTED** liaison counsel.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] See In re Living Hope Southwest Medical Services, LLC, 2012 WL 79661, at *12 (W.D. Ark. Jan. 11, 2012); Dodd v. Automobile Ins. Co. of Hartford, 2007 WL 203983, at *8, n. 1 (W.D.N.C. Jan. 24, 2007).